UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Ismael Cruz,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Quality Roofing, Inc.,
and John R. Garrison, individually,

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Ismael Cruz and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Quality Roofing, Inc. and John R. Garrison, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Ismael Cruz is a resident of Hillsborough County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Quality Roofing, Inc. (from now on Quality Roofing, or Defendant) is a Florida corporation having a place of business in Hillsborough County within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendant John R. Garrison was and is now the owner/partner/officer and Manager of Defendant Corporation Quality Roofing. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Hillsborough County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Ismael Cruz as a collective action to recover from Defendants overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more

than forty (40) hours during one or more weeks on or after April 2019, (the "material time") without being adequately compensated.

7. Defendant Quality Roofing is a roofing company specializing in new construction for commercial and residential projects. Quality Roofing is located at 1905 N 40th ST, Tampa, FL 33605, where Plaintiff worked.

8. Defendants Quality Roofing and John R. Garrison employed Plaintiff Ismael Cruz as a non-exempted, full-time roof installer from approximately April 01, 2016, to February 17, 2022, or more than five years. However, for FLSA's purposes, Plaintiff's relevant time of employment is 149 weeks.

9. During the relevant period, Plaintiff performed as a lead roofer, and he was paid a daily wage rate of $250.00.

10. Plaintiff had a regular schedule, and he worked six days per week. From Monday to Saturday, Plaintiff worked from 7:00 AM to 6:00 PM (11 hours daily), a total of 66 hours weekly.

11. Plaintiff worked under the supervision of the business owner John R. Garrison, and supervisors Jason King and Luis LNU.

12. Plaintiff was paid his regular daily rate for 6 days or $1,500.00 weekly, but he was not paid for overtime hours, as required by law. Plaintiff was paid the same amount regardless of the hours worked.

13. Plaintiff did not clock in and out, but he signed timesheets, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and others similarly situated individuals were working.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid weekly by direct deposits and with paystubs that did not provide accurate information such as the number of days and hours worked and wage rate.

16. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours, and he complained to his supervisors Luis LNU and Jason King.

17. On or about February 17, 2022, after Plaintiff complained about unpaid overtime wages, the owner of the business, John R. Garrison, confronted Plaintiff and told him that he was complaining, not working, and getting paid too much. John R. Garrison fired Plaintiff and ordered him to leave the premises.

18. Plaintiff Ismael Cruz seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

19. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

20. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

21. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff Ismael Cruz re-adopts every factual allegation stated in paragraphs 1-21 above as if set out in full herein.

23. Defendant Quality Roofing was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a roofing company. Defendant had more than two employees

recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a roof installer employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

25. Defendants Quality Roofing and John R. Garrison employed Plaintiff Ismael Cruz as a non-exempted, full-time roof installer, from approximately April 01, 2016, to February 17, 2022, or more than 5 years. However, for FLSA's purposes, Plaintiff's relevant time of employment is 149 weeks.

26. During the relevant period, Plaintiff performed as a lead roofer, and he was paid a daily wage rate of $250.00.

27. Plaintiff had a regular schedule, and he worked 6 days per week, a total of 66 hours weekly.

28. Plaintiff was paid his regular daily rate for 6 days or $1,500.00 weekly, but he was not paid for overtime hours, as required by law. Plaintiff was paid the same amount regardless of the hours worked.

29. Plaintiff did not clock in and out, but he signed timesheets, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and others similarly situated individuals were working.

30. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Plaintiff was paid weekly by direct deposits and with paystubs that did not provide accurate information such as the number of days and hours worked and wage rate.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

33. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

35. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Forty-Four Thousand Forty-Seven Dollars and 38/100 ($44,047.38)

    b. <u>Calculation of such wages</u>:

       Total period of employment: More than 5 years
       Relevant weeks of employment: 149 weeks
       Total hours worked: 66 hours weekly
       Total unpaid O/T hours: 26 overtime hours weekly
       Paid: $1,500 weekly: 66 hours=$22.73 an hour
       Regular rate: $22.73 x 1.5=$34.10 O/T rate
       O/T rate $34.10-$22.73 O/T rate paid=$11.37 half-time difference
       Unpaid half-time: $11.37 for every O/T hour

       $11.37 x 26 O/T hours=$295.62 weekly x 149 weeks=$44,047.38

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.

36. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

37. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

38. At times mentioned, individual Defendant John R. Garrison was, and is now, the owner/partner/manager of Quality Roofing. Defendant John R. Garrison was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Quality Roofing's interests concerning its employees, including Plaintiff and others similarly

situated. Defendant John R. Garrison had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

39. Defendants Quality Roofing and John R. Garrison willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Ismael Cruz and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Ismael Cruz and other similarly situated individuals and against the Defendants Quality Roofing and John R. Garrison based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Ismael Cruz actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of

forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### Demand for a Jury Trial

Plaintiff Ismael Cruz demands a trial by a jury of all issues triable as of right by a jury.

### COUNT II:
### FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3)

41. Plaintiff Ismael Cruz re-adopts every factual allegation stated in paragraphs 1-21 of this complaint as if set out in full herein.

42. Defendant Quality Roofing was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a roofing Company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products

and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

43. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a construction employee and driver. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

44. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

45. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

46. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

47. Defendants Quality Roofing and John R. Garrison employed Plaintiff Ismael Cruz as a non-exempted, full-time roof installer from approximately April 01, 2016, to February 17, 2022, or more than five years. However, for FLSA's purposes, Plaintiff's relevant time of employment is 149 weeks.

48. During the relevant period, Plaintiff performed as a lead roofer, and he was paid a daily wage rate of $250.00.

49. Plaintiff had a regular schedule, and he worked six days per week, a total of 66 hours weekly.

50. Plaintiff worked under the supervision of the business owner John R. Garrison and supervisors Jason King and Luis LNU.

51. Plaintiff was paid his regular daily rate for 6 days or $1,500.00 weekly, but he was not paid for overtime hours, as required by law.

52. Plaintiff did not clock in and out, but he signed timesheets, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and others similarly situated individuals were working.

53. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

54. Plaintiff was paid weekly by direct deposits and with paystubs that did not provide accurate information such as the number of days and hours worked and wage rate.

55. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours, and he complained to his supervisors, Luis LNU and Jason King, multiple times.

56. These complaints constituted protected activity under the FLSA.

57. On or about February 17, 2022, after Plaintiff complained about unpaid overtime wages, the owner of the business, John R. Garrison, confronted Plaintiff and told him that he was complaining, not working, and getting paid too much. Then, John R. Garrison fired Plaintiff and ordered him to leave the premises.

58. Plaintiff Ismael Cruz seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

59. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

60. There is close proximity between Plaintiff's protected activity and his termination.

61. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid overtime wages.

62. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

63. At times mentioned, individual Defendant John R. Garrison was, and is now, the owner/partner/manager of Quality Roofing. Defendant John R. Garrison was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Quality Roofing's interests concerning its employees, including Plaintiff and others similarly situated. Defendant John R. Garrison had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

64. Plaintiff Ismael Cruz has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## Prayer For Relief

Wherefore, Plaintiff Ismael Cruz respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Quality Roofing and John R. Garrison that Plaintiff Ismael Cruz recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Quality Roofing and John R. Garrison to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Ismael Cruz further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff Ismael Cruz demands a trial by a jury of all issues triable as of right by a jury.

Dated:  May 2, 2022

                              Respectfully submitted,

                              By:  **/s/ Zandro E. Palma**____
                              ZANDRO E. PALMA, P.A.
                              Florida Bar No.: 0024031
                              9100 S. Dadeland Blvd.
                              Suite 1500
                              Miami, FL 33156
                              Telephone:      (305) 446-1500
                              Facsimile:       (305) 446-1502
                              zep@thepalmalawgroup.com
                              *Attorney for Plaintiff*