UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:22-cv-01018-CEH-SPF

Ismael Cruz,

    Plaintiff,

v.

Quality Roofing, Inc.,
and John R. Garrison, individually,

    Defendants.

_____/

**JOINT MOTION FOR *IN CAMERA* REVIEW
OF SETTLEMENT AGREEMENT, APPROVAL OF
SETTLEMENT, AND DISMISSAL WITH PREJUDICE**

Plaintiff, ISMAEL CRUZ, and Defendants, QUALITY ROOFING, INC. and JOHN R. GARRISON (referred to together as the "Parties"), by and through undersigned counsel, hereby file this Joint Motion for *In Camera* Review of Settlement Agreement, for Approval of Settlement, and for Dismissal with Prejudice, and respectfully state as follows:

    1.    On May 2nd, 2022, Plaintiff filed the Complaint in this cause seeking to recover alleged unpaid overtime wages, liquidated damages and other relief from Defendants under the Fair Labor Standards Act ("FLSA").

2. Notwithstanding the Parties' disagreement over the legal and factual merits of the allegations and the scope of any potential damages, the Parties engaged in settlement discussions in an attempt to see if the instant action could be resolved without further litigation.

3. The Parties separately negotiated the three main elements of the settlement between the parties: (1) alleged unpaid and owed compensation and liquidated damages; (2) confidentiality and corresponding consideration; and (3) reimbursement of Plaintiff's reasonable attorneys' fees and costs.

4. The Parties reached an Agreement on the primary terms of a complete resolution of this matter and subsequently fully executed a Settlement Agreement.

5. Because Plaintiff's claims arise under the FLSA, the Parties are submitting the Agreement for the Court for approval *in camera*.

6. The Parties respectfully submit that this Settlement Agreement should be reviewed *in camera* and approved and that the action should be dismissed with prejudice. The Parties separately negotiated the attorneys' fees of Plaintiff's counsel, as well as confidentiality, and the amounts payable to the Plaintiff as alleged unpaid wages and liquidated damages were not reduced or affected in any way as a result of the Parties' agreement regarding the payment of Plaintiff's counsel's fees and litigation costs or confidentiality.

7. During settlement negotiations, the Parties agreed to include a confidentiality provision in the Agreement and negotiated that provision separately and independently from Plaintiff's alleged claims for unpaid wages and liquidated damages.

8. The Parties request that the Court review the Agreement *in camera* and are submitting their Agreement to the Court under separate cover. *See, e.g., Zanazzi v. The Fountain Group, LLC,* Case No. 8:18-cv-0294-WFJ-JSS (M.D. Fla., D.E. 32, June 13, 2019) (approving Joint Motion for Settlement *in Camera* Review of Settlement Agreements); *Whitaker v. Kablelink Communications, LLC, et al.*, Case No. 8:13-cv-2093-JSM-MAP (M.D. Fla., D.E. 57, April 29, 2014) (approving Joint Motion for In Camera Approval of Settlement Agreement); *Guenther v. Funlan Theatres & Swap Shop, Inc.,* Case No. 8:13-cv-02871-JSM-EAJ (M.D. Fla., D.E. 16, April 17, 2014) (approving motion for *in camera* review of FLSA settlement agreement); *Sarazen v. Burger King Corporation,* Case No. 8:12-cv-01875 (M.D. Fla., D.E. 18, February 4, 2013) (approving FLSA settlement agreement submitted for *in camera* review).

## MEMORANDUM OF LAW

### I. The Settlement Agreement Is Fair and Reasonable

The Parties agree that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute and that the Settlement Agreement should be approved.

Pursuant to the FLSA, claims for overtime and minimum wage compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* In the instant case, both Plaintiff and the Defendants were represented by counsel. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

Though there are not specific criteria set forth in *Lynn Foods* as to what constitutes fairness, the Eleventh Circuit and this district have outlined several factors that are useful in making that determination. *See Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 (11th Cir. 1994) (citing *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)). These factors are as follows:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

    (3) the stage of the proceedings and the amount of discovery completed;

    (4) the probability of plaintiff's success on the merits;

    (5) the range of possible recovery; and

    (6) the opinions of the counsel.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (citing *Pessoa v. Countrywide Home Loans, Inc.*, 2007 WL 1017577, at 3 (M.D. Fla. 2007) (quoting *Leverso* at 1531)). "When considering these factors, the Court should keep in mind the strong presumption in favor of finding a settlement fair." *Pessoa v. Countrywide Home Loans, Inc.*, No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, *3 (M.D. Fla., Apr. 2, 2007) (internal quotation marks omitted). "Moreover, the Court is aware, as the parties must also be, that a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Id*. (internal quotation marks omitted).

    **i.**    **The existence of fraud or collusion behind the settlement**

There are no facts or allegations, or even the indication of same, that the Settlement Agreement was a result of fraud or collusion behind such agreement.

    **ii.**    **The complexity, expense, and likely duration of the litigation**

The Parties agree that this was not a complex case and that the dispute centered around the calculation of overtime wage compensation and the number of hours allegedly worked by Plaintiff each week.

### iii. The stage of the proceedings and the amount of discovery completed

The Parties exchanged relevant information and worked together collaboratively to efficiently and equitably negotiate a settlement.

### iv. The probability of plaintiff's success on the merits

The Parties dispute whether any liability exists in the instant action. Similarly, to the extent liability exists (which Defendants deny), the Parties dispute the amount of any back wages and Plaintiff's entitlement to liquidated damages. Nonetheless, the Parties have agreed to settle all of the claims in this dispute and have executed a Settlement Agreement regarding Plaintiff's claims. The Parties agree that the Settlement Agreement represents a fair and reasonable resolution of Plaintiff's claims.

### v. The range of possible recovery

For the reasons mentioned in subsection iv, above, the range of recovery for Plaintiff was disputed. Nonetheless, under the circumstances, Plaintiff believes the Settlement Agreement provides fair and reasonable compensation for his claims for unpaid overtime wages and liquidated damages, particularly considering the vagaries of litigation. The agreed attorneys' fees and costs were negotiated and agreed upon separately and without regard to the amount being paid to settle the claim for unpaid overtime wages and liquidated damages. As such, this amount does not affect the fairness and reasonableness of the settlement.

The Settlement Agreement is fair and reasonable because the parties were able to eliminate the risk of exposure to damages and/or costs and attorney's fees.

Upon resolution of Plaintiff's claims, the Parties negotiated and agreed upon Plaintiff's attorneys' fees and costs, as well as a payment for confidentiality, separate and apart from the amount being paid to Plaintiff.

### vi. The opinions of the counsel

Counsel believe the settlement was fair and reasonable.

## II. Conclusion

For the reasons set forth above, the Parties respectfully request this Court review the Settlement Agreement *in camera*, approve the Settlement Agreement, and dismiss this case with prejudice.

WHEREFORE, Plaintiff, ISMAEL CRUZ, and Defendants, QUALITY ROOFING, INC. and JOHN R. GARRISON, respectfully request that this Honorable Court enter an Order (1) approving *in camera* review of the terms of the Settlement Agreement, (2) approving the terms of the Settlement Agreement, and (3) dismissing the action with prejudice.

DATED this 23rd day of August 2022.

Respectfully submitted,

| | |
|---|---|
| **/s/Zandro E. Palma**_____ | **/s/Benjamin S. Briggs**_____ |
| Zandro E. Palma, Esq. | Benjamin S. Briggs, Esq. |
| Florida Bar No.: 0024031 | Florida Bar No.: 113814 |
| **ZANDRO E. PALMA, P.A.** | **ADAMS AND REESE LLP** |
| 9100 S. Dadeland Blvd., Suite 1500 | 100 N. Tampa St., Suite 4000 |
| Miami, Florida 33156 | Tampa, Florida 33606 |
| Telephone No.: (305) 446-1500 | Tel: (813) 402-2880 |
| Facsimile No.:  (305) 446-1502 | Fax: (813) 402-2887 |
| zep@ThePalmaLawGroup.com | Ben.briggs@arlaw.com |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |