UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISMAEL CRUZ,

    Plaintiff,

v.                                      Case No.  8:22-cv-1018-CEH-SPF

QUALITY ROOFING, INC.,
and JOHN R. GARRISON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon the parties' Joint Motion for *In Camera* Review of Settlement Agreement, Approval of Settlement, and Dismissal with Prejudice (Doc. 18).  The parties request that the Court approve the settlement of Plaintiff's claim under the Fair Labor Standards Act ("FLSA") and dismiss the case with prejudice (*Id.* at 14).  Upon consideration, it is recommended that the Joint Motion be denied without prejudice.

A claim brought pursuant to the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353.  Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id.*  To approve the settlement,

the district court must determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355.

The parties request *in camera* review of the settlement agreement and represent that it contains a confidentiality provision (Doc. 18, . "[A] confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (footnote omitted). While the parties assert that the confidentiality provision promotes the settlement of this case, confidentiality provisions are contrary to the purposes of the FLSA. Indeed, such provisions "contravene both the legislative purpose of the FLSA and undermine the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302, 1306 (N.D. Ga. 2017) (internal quotation omitted); *see also Singh v. Petersendean Roofing & Solar Sys., Inc.*, No. 6:17-cv-1110-Orl-41DCI, 2018 WL 3219410, at *1 (M.D. Fla. July 2, 2018).

"Courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions." *Singh*, 2018 WL 3219410, at *1 (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (collecting cases)). Moreover, while the parties represent that separate consideration was given for the confidentiality provision, such a payment "does not remedy [the] concern about the possible frustration of the notice requirement to other employees." *Id.* (quoting *Glass v. Krishna Krupa, LLC*, No. 10-mc-27-CG-B, 2010 WL 4064017, at *2 (S.D. Ala. Oct.

2

15, 2010)) (alteration in original).  The Court will not recommend approval of the settlement agreement so long as it contains a confidentiality provision.

Accordingly, it is hereby

**RECOMMENDED:**

1. The Joint Motion for *In Camera* Review of Settlement Agreement, Approval of Settlement, and Dismissal with Prejudice (Doc. 18) be **DENIED WITHOUT PREJUDICE**.

**REPORTED** in Tampa, Florida, on October 19, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.

Copies to:  Hon. Charlene E. Honeywell